# JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## 08 CV 5366

ELLIOT EISENBERG

           Plaintiff,

v.

THE MCGRAW-HILL COMPANIES, INC.

           Defendant.

Case No.



## COMPLAINT AND JURY DEMAND

Plaintiff Elliot Eisenberg ("Eisenberg"), by his undersigned counsel, avers as follows, with knowledge of his own actions and upon information and belief regarding all other matters:

## NATURE OF THE SUIT

This action is brought by Eisenberg to recover damages for breach of contract and anticipatory breach of contract by defendant The McGraw-Hill Companies ("McGraw-Hill") in connection with a certain Memorandum of Agreement (the "Agreement") and any amendments thereto, concerning a series of college textbooks published under the title Vector Mechanics for Engineers; specifically (i) *Vector Mechanics for Engineers: Statics ("Statics")* (ii) *Vector Mechanics for Engineers: Dynamics ("Dynamics")* and (iii) *Vector Mechanics for Engineers: Combined ("Combined")* (each referred to herein as a "work," collectively referred to as the "Works").

## PARTIES

1.      Eisenberg is a citizen of the State of Pennsylvania, and resides in Conyngham, Pennsylvania.

2.      Eisenberg holds a Bachelor of Science Degree and Masters Degree in engineering.  For twenty-nine years Eisenberg was a professor of engineering at the Pennsylvania State University; he retired in July 2001.  Additionally, Eisenberg has co-authored editions of engineering textbooks used by engineering students across the country.

3.      Defendant McGraw-Hill is a New York corporation, which at all relevant times maintained its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.  McGraw-Hill is engaged in the business of publishing books, including various editions of each of the Works.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a) (1) and (2) in that the defendant resides in this District and a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## BACKGROUND FACTS

6.      The subject of the Works, *Vector Mechanics for Engineers*, is introductory engineering mechanics, typically taught in the sophomore year of college as a two-semester course, which includes statics, the study of bodies at rest, and dynamics, the

study of bodies in motion. The Works are published as three separate textbooks: _Statics_, _Dynamics_ and _Combined_.

7.    The original authors of the Works were Ferdinand P. Beer ("Beer") and E. Russell Johnston Jr. ("Johnston").  On or about December 9, 1971, The McGraw-Hill Book Company, a predecessor in interest to McGraw-Hill, entered into the Agreement with Beer and Johnston by which Beer and Johnston would be the "Authors" of _Statics_, _Dynamics_ and _Combined_.  (Attached hereto as Exhibit 1 is a copy of the Agreement). This agreement pertains to the 2nd and future editions of the Work.

8.    Under the terms of the Agreement, each "Author" would "revise the said work when it is determined that a revised edition is desirable."  However, "should the Authors be unable or unwilling to perform such revision or be deceased at the time at which it is determined that such a revision is desirable, the Publishers shall have the right to arrange for the preparation of a revised manuscript."   Additionally, pursuant to the Agreement, the "Authors" shared equally in the pool of royalties for _Statics_, _Dynamics_ and _Combined_.

9.    During the late 1980's, McGraw-Hill began to pressure Beer to find successor authors for the Works because of his and Johnston's advancing ages.  In the Fall of 1990, Beer visited Eisenberg at Penn State where Eisenberg was an Associate Professor of Engineering, to observe one of his statics classes and to review the materials Eisenberg had prepared for that class, as well as for his other mechanics classes. Afterwards, Beer asked Eisenberg to join the "Beer-Johnston" team for the Sixth edition of the Works.  Eisenberg, however, declined to participate in the Sixth edition.  Over the

next year, Beer tried to convince Eisenberg to change his mind and, in late 1991, Eisenberg agreed to contribute to the Works.

10.    In late 1992, the Agreement was amended and Eisenberg was formally brought on to prepare materials on a work-for-hire basis for *Statics*, *Dynamics* and *Combined*. After signing the amendment, Beer asked Eisenberg to take on more work, which Eisenberg agreed to do, and, as a result, the amount of royalties Eisenberg was to receive from the Sixth edition of *Dynamics* and *Combined* increased. Eisenberg's new royalty percentage was reflected in a 1995 amendment to the Agreement.

11.    In 1996, the amount of royalties Eisenberg was to receive on the Sixth edition of *Statics* was increased and that increase was reflected in a 1996 amendment to the Agreement.

12.    McGraw-Hill was not obligated to have Eisenberg participate in the Seventh edition of the Works.

13.    In June 2001, after Beer and Johnston learned that McGraw-Hill wanted to do a Seventh edition of the Works for the Fall 2003 semester, Beer sought to persuade Eisenberg to participate in the Seventh edition of *Statics* and *Combined.* To entice Eisenberg, Beer promised him that he would become a continuing "Author" for *Statics* and *Combined* and that Eisenberg's share of the royalties would be appropriately increased to reflect his new status.

14.    Because he had recently retired from teaching at Penn State and had time to devote to the Seventh edition, Eisenberg agreed to become a continuing "Author" and, on or about April 16, 2002, the Agreement was again amended. As promised by Beer, under this amendment, Eisenberg was added as an "Author," as that term is defined in the

Agreement, of the Seventh edition of both *Statics* and *Combined* as well as of "any future editions" of such Works. As an "Author," Eisenberg had the same rights and status as Beer and Johnston, meaning that McGraw-Hill was required to include Eisenberg as an "Author" on all future editions of *Statics* and *Combined* and to pay him royalties on all future editions of the works. (Attached hereto as Exhibit 2 is a copy of the April 16, 2002 amendment to the Agreement)

15.    All three "Authors" now shared in the royalty pool for *Statics* and *Combined*. From April 2002 forward, Eisenberg received substantial royalty income as an "Author" of *Statics* and *Combined*. At this same time, Beer and Johnston decided that Eisenberg was to receive an additional royalty income from *Dynamics*.

16.    Eisenberg contributed materials on a work-for-hire basis for the Seventh Edition of *Dynamics*.

17.    In early 2003, Beer became ill and passed away that spring. After his death, his share of the royalties was paid to his heirs.

18.    Subsequent to the Seventh edition, McGraw-Hill decided to do an Eighth edition of each of the Works. Because Eisenberg had become an "Author" of *Statics* and *Combined* on the Seventh edition, he was guaranteed to be an "Author" of the latest edition of both such Works with all attendant rights and responsibilities.

19.    After Eisenberg delivered his contribution for the Eighth editions of each of the Works, Johnston informed McGraw-Hill that Eisenberg was to be added as a continuing "Author" of *Dynamics* as well, thus ensuring that both he and Eisenberg would have oversight of future additions of that Work.

20.     On or about December 1, 2005, the Agreement was again amended. Pursuant to this amendment, Eisenberg was added as an "Author" as that term is defined in the Agreement, of the Eighth edition of *Dynamics* as well as of "any future editions" of that Work. As an "Author," Eisenberg had the same rights and status as Johnston, meaning that McGraw-Hill was required to include Eisenberg as an "Author" on all future editions of *Dynamics* and to pay him royalties on all future editions of the work. (Attached hereto as Exhibit 3 is a copy of the December 1, 2005, amendment to the Agreement)

21.     Eisenberg, Johnston and Beer's heirs shared in the royalties derived from the sale of *Dynamics*. From December 2005 forward, Eisenberg received a substantial royalty income as an "Author" of *Dynamics*.

22.     The December 1, 2005, amendment did not alter Eisenberg's status as an "Author" of *Statics* and *Combined*.

23.     As of December 2005, Eisenberg was an "Author" for all three works and, as such, obtained all rights under the Agreement, including: (i) the right to participate as an "Author" on the Eighth editions of *Statics*, *Dynamics* and *Combined*, as well as of "any future editions" of the Works; and (ii) the right to share in the royalties from all sales of *Statics*, *Dynamics* and *Combined* with the other "Authors."

24.     At all relevant times, Eisenberg was ready, willing and able to participate in any future edition of the Works.

## DEFENDANT'S WRONGFUL CONDUCT

25.     After publication of the Eighth edition of the Works, McGraw-Hill decided to publish a Ninth edition of *Statics*, *Dynamics* and *Combined*. Pursuant to the

April 16, 2002, amendment to the Agreement, Eisenberg was to serve as an "Author" of _Statics_ and _Combined_ for the Ninth edition of those works. Moreover, pursuant to the December 1, 2005, amendment to the Agreement, Eisenberg was to serve as an "Author" of _Dynamics_ for the Ninth edition of that work.

26.    However, in or about June 2007, Eisenberg was informed by Michael Hackett ("Hackett"), who at that time was the sponsoring editor of the Works at McGraw-Hill, that McGraw-Hill was going to take the Works in a new direction and that Eisenberg would not be included in future editions of the Works. During this conversation, Hackett stated Johnston had not said anything negative about Eisenberg and that if asked, McGraw-Hill would indicate to future users of the text that Eisenberg had chosen to retire as an author. Hackett also stated that McGraw-Hill intended to reach an equitable settlement with Eisenberg.

27.    From about August 2007 through November 2007, Eisenberg had several conversations with Hackett regarding a settlement. During their last conversation, Hackett asked Eisenberg if Eisenberg would consider working again with McGraw-Hill on the Works after the settlement. Eisenberg declined this offer.

28.    On or about February 19, 2008, Eisenberg received a letter from Raghothaman Srinivasan, Global Publisher of McGraw-Hill, and Bill Stenquist, Senior Sponsoring Editor of McGraw-Hill, informing Eisenberg that he would not be permitted to contribute to the Ninth edition of _Statics_, _Dynamics_ or _Combined_, and would not receive his full share of royalties derived from the Works. (Attached hereto as Exhibit 4 is a copy of the February 19, 2008, letter).

29.    In the February 19, 2008, letter, McGraw-Hill asserted that it would not allow Eisenberg to continue to participate in the preparation of future editions of the Works. McGraw-Hill claimed that its decision was based upon, "in large part," "the quality of [Eisenberg's] past contributions, [Eisenberg's] inability to generally deliver these contributions timely and [Eisenberg's] unsatisfactory working relationship with [his] co-authors and the McGraw-Hill publishing team." None of McGraw-Hill's assertions as to the quality and timeliness of Eisenberg's contributions or his relationship with others involved in the publication of the Works has any basis in fact.

30.    Moreover, at no time prior to receipt of the February 19, 2008, letter was Eisenberg ever advised that McGraw-Hill had any concerns about the quality and timeliness of Eisenberg's contributions or his relationship with others involved in the publication of the Works.

31.    McGraw-Hill's accusations are further belied by the fact that Eisenberg was asked to sign on as an "Author" of the Eighth edition of *Dynamics*. Irrespective of the validity of these statements, the Agreement does not provide for termination of an "Author" for any of the reasons McGraw-Hill asserted in its February 19, 2008, letter.

32.    McGraw-Hill's reasons for terminating its relationship with Eisenberg are clearly a pretext for denying Eisenberg the royalties he is due as an "Author" under the Agreement.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

33.    Plaintiff repeats the allegations of paragraphs 1 through 32 as if fully set forth herein.

34.     Pursuant to the terms of the Agreement, as amended on or about April 16, 2002, Eisenberg was contractually entitled to: (i) participate in the Seventh edition of *Statics* and *Combined* and any future editions of the two works; and (ii) receive royalties therefrom.

35.     Pursuant to the terms of the Agreement, as amended on or about December 1, 2005, Eisenberg was contractually entitled to: (i) participate in the Eighth edition of *Dynamics* and any future editions of the work; and (ii) receive royalties therefrom.

36.     McGraw-Hill's unilateral decision to arrange for the preparation of Ninth editions of the Works without Eisenberg, despite his having been ready, willing and able to participate, is a breach of Eisenberg's contractual rights under the Agreement.

37.     McGraw-Hill's breach of the Agreement has caused Eisenberg to suffer damages in excess of $75,000, exclusive of interest and costs, the specific amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (ANTICIPATORY BREACH OF CONTRACT)

38.     Plaintiff repeats the allegations of paragraphs 1 through 37 as if fully set forth herein.

39.     Pursuant to the terms of the Agreement, as amended on or about April 16, 2002, Eisenberg was contractually entitled to participate in the Seventh edition of *Statics* and *Combined* and any future editions of the two works.

40.     Pursuant to the terms of the Agreement, as amended on or about December 1, 2005, Eisenberg was entitled to participate in the Eighth edition of *Dynamics* and any future editions of the work.

41.     The letter from Srinivasan and Stenquist to Eisenberg on February 19, 2008, prohibiting Eisenberg from participating in any future editions of *Statics, Dynamics* or *Combined*, constitutes an anticipatory breach of contract.

42.     Defendant's repudiation of the Agreement is entire, absolute, and unequivocal and it covers the entire performance to which both parties are bound.

43.     Eisenberg has suffered and will continue to suffer damages as a result of this anticipatory breach of contract.

### THIRD CAUSE OF ACTION
### (ANTICIPATORY BREACH OF CONTRACT)

44.     Plaintiff repeats the allegations of paragraphs 1 through 43 as if fully set forth herein.

45.     Pursuant to the terms of the Agreement, as amended on or about April 16, 2002, Eisenberg was contractually entitled to participate in the Seventh edition of *Statics* and *Combined* and any future editions of the two works.  Moreover, pursuant to this amendment, as an "Author," Eisenberg is entitled to share in the royalties derived from sales of the Seventh edition of *Statics* and *Combined* and any future editions of the two works.

46.     Pursuant to the terms of the Agreement, as amended on or about December 1, 2005, Eisenberg was entitled to participate in the Eighth edition of *Dynamics* and any future editions of the work.  Moreover, pursuant to this amendment, as an "Author" Eisenberg is entitled to share in the royalties derived from sales of the Eighth edition of *Dynamics* and any future editions of the work.

47.     The letter from Srinivasan and Stenquist to Eisenberg on February 19, 2008, indicating that McGraw-Hill will not pay Eisenberg his shares of the royalties for

the Ninth and Tenth editions of *Statics*, *Dynamics*, and *Combined* as they come due

constitutes an anticipatory breach of contract.

48.    Defendant's repudiation of the Agreement is entire, absolute, and

unequivocal and it covers the entire performance to which both parties are bound.

49.    Eisenberg has suffered and will continue to suffer damages as a result of

this anticipatory breach of contract.

WHEREFORE, plaintiff demands judgment against McGraw-Hill as follows:

(i)    Damages in an amount to be determined at trial, together with

interest, costs and the disbursements of this action;

(ii)    An award of attorneys' fees; and

(iii)    Such other and further relief as the Court deems just and

appropriate.

Dated:  New York, New York
   June 12, 2008

GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP

By: _____

Martin S. Hyman (MH 4131)
Robin E. Silverman (RS 3066)
Allyson R. Albert (AA 1330)

437 Madison Avenue
New York, New York 10022
(212) 907-7300

Attorneys for Plaintiff Elliot Eisenberg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ELLIOT EISENBERG | : |
|  | : |
| Plaintiff, | : Case No. |
|  | : |
| v. | : |
|  | : |
| THE MCGRAW-HILL COMPANIES, INC. | : |
|  | : |
| Defendant. | : |
|  | : |

## **DEMAND FOR JURY TRIAL**

Plaintiff Elliot Eisenberg, as provided by Rule 38 of the Federal Rules of Civil

Procedure, requests trial by jury in the above-captioned proceeding on all issues triable

by jury.

Dated: New York, New York
       June 12, 2008

GOLENBOCK EISEMAN ASSOR
    BELL & PESKOE LLP

By: _____
     Martin S. Hyman  (MH 4131)
     Robin E. Silverman (RS 3066)
     Allyson R. Albert (AA 1330)

    437 Madison Avenue
    New York, New York 10022
    (212) 907-7300

    Attorneys for Plaintiff Elliot Eisenberg

*426994.1*

*For Offer.*

o 4278
o 4279
o 4281
o 4282

# MEMORANDUM OF AGREEMENT

Ferdinand P. Beer
of
Bethlehem, Pa.

and

E. Russell Johnston, Jr.
of
Storrs, Conn.

hereinafter called the Authors, hereby agree to prepare and supply within a reasonable time to the McGraw-Hill Book Company, a Division of McGraw-Hill, Inc., hereinafter called the Publishers, a work entitled

### VECTOR MECHANICS FOR ENGINEERS: STATICS, DYNAMICS, COMBINED 2e

or such other title as may be agreed upon by the parties hereto, the said work comprising a double-spaced typewritten manuscript suitable for use as printer's copy and acceptable to the Publishers in content and form, together with illustrations as may mutually be deemed desirable, and index. The Authors do hereby grant and convey to the Publishers the sole right to: publish and sell the said work, including all revisions and future editions thereof; translate, publish, and sell the work in foreign languages; sell all subsidiary rights to the said work subject to the provisions in 1 (c) below; copyright throughout the world in the name of the Publishers the said work or any revision thereof, and to renew any such copyright.

The Publishers, in consideration thereof, agree to publish the said work in book form at their expense, in suitable style as to paper, printing, and binding, and to use all ordinary means to market the said work, upon terms as follows:

(1) **ROYALTIES.**

    (a) The Publishers agree to pay the Authors royalties, based on the retail selling price of all copies actually sold, on the following schedule:

        Sales made in the United States
        15 per cent

        Sales made outside the United States
        7½ per cent

RECEIVED
OCT 7 1976
ROYALTY DEPARTMENT
JAMES J. KEUPER
McGRAW-HILL BOOK CO., H CLIFTON

Royalties to be divided as follows:

~~to be decided by authors.~~

50% to Ferdinand P. Beer
50% to E. Russell Johnston, Jr.

    (b) The Publishers agree to render to the Authors statements of copies sold, semi-annually to January 1st and July 1st, and to make settlements therefor within sixty days thereafter.

    (c) The Publishers shall have the sole right to publish, or to permit others to publish, such selections from the said work as they think proper to benefit its sale, and any revenue received by the Publishers for the publication of such selections or the sale of serial, translation, motion picture, radio and television broadcasting, book club, or other rights shall be divided equally in lieu of royalty between the parties hereto.

    (2) **AUTHORS' CORRECTIONS.** Should the Authors make or cause to be made any alterations in type, illustrations, or plates which are not corrections of typographical or draftsman's errors, which shall cost in excess of twenty per cent (20%) of the cost of composition independent of the cost of said alterations, the cost of such excess alterations shall be charged to, and paid for by, the Authors.

    (3) **MANUSCRIPT REVISIONS.** The Publishers shall have the right to make such editorial changes in the manuscript as they deem desirable and necessary, but the Authors shall be given the opportunity to approve or disapprove such changes.

    (4) **AUTHORS' COPIES.** The Publishers agree to give each Author six copies of the book upon publication, and to sell them such additional copies as they desire for personal use and not for resale, at a discount of twenty-five per cent (25%), F.O.B. the Publishers' shipping facility.

    (5) **COMPETING WORKS.** The Authors agree that they will not, during the continuance of this agreement without the written consent of the Publishers, write, print, or publish, or cause to be written, printed, or published, any other edition of the said work, revised, enlarged, abridged, or otherwise, or any book of a character that might interfere with or injure the sale of the said work.

    (6) **REVISED EDITIONS.** The Authors agree to revise the said work when it is determined that a revised edition is desirable. Should the Authors be unable or unwilling to perform such revision or be deceased at the time at which it is determined that such revision is desirable, the Publishers shall have the right to arrange for the preparation of a revised manuscript. In such case, the reviser shall be compensated by a share of the royalty on the sale of such revised edition or by a fee paid by the Publishers and charged against the first

royalty and other income accruing to the Authors on the sale of such revised edition.

(7) WARRANTY. The Authors warrant that the work is original except for such excerpts from copyrighted works as may be included with the permission of the copyright owners thereof, that it contains no libelous statements, and does not infringe upon any copyright, trademark, patent, statutory right, or proprietary right of others, and that they will indemnify the Publishers against any costs, expenses, and damages arising from any breach of this warranty.

(8) ASSIGNMENTS. This agreement may be assigned by either party, but only as a whole, and no part of the respective interests of either party may be assigned without the written consent of the other party. Notwithstanding any such assignments, this agreement shall be binding upon the parties hereto, their heirs, successors, assigns, and personal representatives.

IN WITNESS WHEREOF this agreement has been executed by the parties hereto on the dates following their signatures.

WITNESSED BY
As to Authors:

_____    _____

_____    DATE _____

_____    _____

_____    DATE _____

_____    _____

_____    DATE _____

As to Publishers:                   _____

                                    DATE _____

_____    McGRAW-HILL BOOK COMPANY
                                    A DIVISION OF McGRAW-HILL, INC.

                                    _____
                                    Vice President
                                    DATE December 9, 1971

*McGraw-Hill*
*McGraw-Hill Higher Education*
*420 Boylston Street*
*Boston, MA 02116*



The McGraw-Hill Companies

# AMENDMENT

Amendment dated **April 16, 2002** ("Amendment") to the publishing agreement dated **December 9, 1971, as amended December 30, 1992, and May 9, 1996** ("Agreement") between The McGraw-Hill Companies, Inc. ("Publisher") and **Ferdinand P. Beer,** 2485 Hickory Lane, Coopersburg, PA 18036, **and E. Russell Johnston, Jr.,** P.O. Box 525, Storrs, CT 06268 ("Author") for a work entitled

**VECTOR MECHANICS FOR ENGINEERS: STATICS, DYNAMICS, COMBINED, 2/e** ("Work").

Whereas, the Publisher has published the Work in three (3) separate volumes titled **VECTOR MECHANICS FOR ENGINEERS: STATICS ("STATICS"), VECTOR MECHANICS FOR ENGINEERS: DYNAMICS ("DYNAMICS") and VECTOR MECHANICS FOR ENGINEERS: COMBINED ("COMBINED");**

Whereas, in accordance with Paragraph 7 of the Agreement, the Publisher wishes to publish a seventh edition of the Work, and each volume thereof shall be referred to in this Amendment as **STATICS 7/e; DYNAMICS 7/e and COMBINED 7/e,**

Whereas, the Publisher and the Author have agreed that George H. Staab, who will perform as a contributor certain Author's obligations under the Agreement for the **STATICS 7/e and DYNAMICS 7/e;**

Whereas, all the terms and conditions apply except as set forth below; and

Whereas, George H. Staab is added as a party to the Agreement for **STATICS 7/e, DYNAMICS 7/e and COMBINED 7/e** only and all references under the Agreement to the "Author" shall be deemed to apply to George H. Staab for **STATICS 7/e and DYNAMICS 7/e** except as otherwise set forth below in this Amendment. However, all references to the term "Author" in this Amendment shall refer solely to Ferdinand P. Beer and E. Russell Johnston, Jr. except as amended below, it is hereby agreed as follows:

1.    A.    With respect to **STATICS 7/e:**
      (i)    Elliot R. Eisenberg is hereby added as a party to the Agreement commencing with respect to **STATICS 7/e,** and is included among the persons referred to in the Agreement as the "Author", subject to the provisions of the Agreement as amended hereby. Commencing with respect to **STATICS 7/e,** Elliot R. Eisenberg agrees to be bound by all of the terms of the Agreement as a party thereto. Subject to the provisions of the Agreement as amended hereby,

with respect to **STATICS 7/e** and any future editions of **STATICS**, all references to the term "Author" in the Agreement shall hereafter refer to Ferdinand P. Beer, E. Russell Johnston, Jr., and Elliot R. Eisenberg, and Ferdinand P. Beer, E. Russell Johnston, Jr., and Elliot R. Eisenberg shall be considered jointly and severally responsible for the obligations and liabilities of the Author under the Agreement as amended hereby. Elliot R. Eisenberg acknowledges and agrees he has no right, title or interest in **STATICS 1/e-6/e** of the Work, except for the distribution of royalties as set forth in the Agreement as amended December 30, 1992 and May 9, 1996 for STATICS 6/e.

(ii)    George H. Staab ("Contributor Staab"), whose address is 1358 Wyandotte Road, Columbus, OH 43212, is hereby added as a party to the Agreement with respect to **STATICS 7/e**, and is included among the persons referred to in the Agreement as the "Contributor", subject to the provisions of the Agreement as amended hereby. Any other terms of the Agreement as hereby amended notwithstanding, it is understood and agreed that the Agreement is entered into with Contributor Staab only with respect to **STATICS 7/e**. However (i) the Publisher may, but shall not be obligated to, invite George H. Staab to participate in **STATICS 8/e**, and in the event of such invitation and participation, George H. Staab's participation will be on terms to be mutually agreed upon, and (ii) in the event George H. Staab is not invited by the Publisher to participate in **STATICS 8/e** or any subsequent editions, the Publisher may use in **STATICS 8/e** and subsequent editions any and all of the contribution of George H. Staab to this **STATICS 7/e**, and the Publisher will make no further payment to George H. Staab with respect to **STATICS 8/e** or subsequent editions of the Work if any, nor shall the Publisher be obliged to give George H. Staab author's credit with respect thereto. George H. Staab acknowledges that he has no right, title or interest in **STATICS**, except for the distribution of royalties as set forth under Section 4 of this Amendment for **STATICS 7/e**.

B.    **For DYNAMICS 7/e:**

(i)    William E. Clausen ("Author Clausen"), whose address is 7521 Heffley Court, Canal Winchester, OH 43110, is hereby added as a party to the Agreement with respect to **DYNAMICS 7/e**, and is included among the persons referred to in the Agreement as the "Author", subject to the provisions of the Agreement as amended hereby. Any other terms of the Agreement as hereby amended notwithstanding, it is understood and agreed that the Agreement is entered into with Author Clausen only with respect to **DYNAMICS 7/e**. However (i) the Publisher may, but shall not be obligated to, invite Author Clausen to participate in **DYNAMICS 8/e**, and in the event of such invitation and participation, Author Clausen's participation will be on terms to be mutually agreed upon, and (ii) in the event Author Clausen is not invited by the Publisher to participate in **DYNAMICS 8/e** or any subsequent editions, the Publisher may use in **DYNAMICS 8/e** and subsequent editions any and all of the contribution of Author Clausen to this **DYNAMICS 7/e**, and the Publisher will make no further payment to Author Clausen with respect to any **DYNAMICS 8/e** or subsequent editions, nor shall the Publisher be obliged to give Author Clausen author's credit with respect thereto. Author Clausen acknowledges that he has no right, title or interest in **DYNAMICS**, except for the distribution of royalties as set forth under Section 1 of the Agreement and as amended in Section 4 of this Amendment for **DYNAMICS 7/e**.

(ii)    George H. Staab ("Contributor Staab"), is hereby added as a party to the Agreement with respect to the **DYNAMICS 7/e**, and is included among the persons referred to in the Agreement as the "Contributor", subject to the provisions of the Agreement as amended hereby. Any other terms of the Agreement as hereby amended notwithstanding, it is understood and agreed that the Agreement is entered into with Contributor Staab only with respect to **DYNAMICS 7/e**. However (i) the Publisher may, but shall not be obligated to, invite Contributor Staab to participate in **DYNAMICS 8/e**, and in the event of such invitation and

2

participation, George H. Staab's participation will be on terms to be mutually agreed upon, and (ii) in the event Contributor Staab is not invited by the Publisher to participate in **DYNAMICS 8/e** or subsequent editions, the Publisher may use in **DYNAMICS 8/e** and subsequent editions any and all of the contribution of Contributor Staab to this **DYNAMICS 7/e**, and the Publisher will make no further payment to Contributor Staab with respect to **DYNAMICS 8/e** or subsequent editions of the Work if any, nor shall the Publisher be obliged to give Contributor Staab author's credit with respect thereto. Contributor Staab acknowledges that he has no right, title or interest in **DYNAMICS**, except for the distribution of royalties as set forth under Section 4 of this Amendment for **DYNAMICS 7/e**.

      (iii)    Elliot R. Eisenberg ("Contributor Eisenberg") is hereby added as a party to the Agreement with respect to **DYNAMICS 7/e**, and is included among the persons referred to in the Agreement as the "Contributor", subject to the provisions of the Agreement as amended hereby. Any other terms of the Agreement as hereby amended notwithstanding, it is understood and agreed that the Agreement is entered into with Contributor Eisenberg only with respect to **DYNAMICS 7/e**. However (i) the Publisher may, but shall not be obligated to, invite Contributor Eisenberg to participate in **DYNAMICS 8/e**, and in the event of such invitation and participation, Contributor Eisenberg's participation will be on terms to be mutually agreed upon, and (ii) in the event Contributor Eisenberg is not invited by the publisher to participate in **DYNAMICS 8/e** or subsequent editions, the Publisher may use in **DYNAMICS 8/e** and subsequent editions any and all of the contribution of Contributor Eisenberg to this **DYNAMICS 7/e**, and the Publisher will make no further payment to Contributor Eisenberg with respect to **DYNAMICS 8/e** or any subsequent editions, nor shall the Publisher be obliged to give Contributor Eisenberg author's credit with respect thereto. Contributor Eisenberg acknowledges that he has no proprietary rights in past, current or future editions of **DYNAMICS**, except as provided for with respect to royalty rates and to the division of royalties for **DYNAMICS 6/e** and as set forth in the Agreement as amended December 30, 1992 and May 9, 1996 and in Section 4 of this Amendment for **DYNAMICS 7/e.**

      C.    **For COMBINED 7/e:**

      (i).    Elliot R. Eisenberg is hereby added as a party to the Agreement commencing with respect to **COMBINED 7/e**, and is included among the persons referred to in the Agreement as the "Author", subject to the provisions of the Agreement as amended hereby. Commencing with respect to **COMBINED 7/e**, Elliot R. Eisenberg agrees to be bound by all of the terms of the Agreement as a party thereto. Subject to the provisions of the Agreement as amended hereby, with respect to **COMBINED 7/e** and any future editions of the Work, all references to the term "Author" in the Agreement shall hereafter refer to Ferdinand P. Beer, E. Russell Johnston, Jr., and Elliot R. Eisenberg, and Ferdinand P. Beer, E. Russell Johnston, Jr., and Elliot R. Eisenberg shall be considered jointly and severally responsible for the obligations and liabilities of the Author under the Agreement as amended hereby. Elliot R. Eisenberg acknowledges and agrees he has no right, title or interest in **COMBINED 1/e-6/e** of the Work, except for the distribution of royalties set forth in the Agreement as amended December 30, 1992 and May 9, 1996 for **COMBINED 6/e.**

      (ii)    William E. Clausen ("Author Clausen"), is hereby added as a party to the Agreement with respect to **COMBINED 7/e**, and is included among the persons referred to in the Agreement as the "Author", subject to the provisions of the Agreement as amended hereby. Any other terms of the Agreement as hereby amended notwithstanding, it is understood and agreed that the Agreement is entered into with Author Clausen only with respect to **COMBINED 7/e**. However (i) the Publisher may, but shall not be obligated to, invite Author Clausen to participate in **COMBINED 8/e**, and in the event of such invitation and participation, Author Clausen's

3

participation will be on terms to be mutually agreed upon, and (ii) in the event Author Clausen is not invited by the Publisher to participate in **COMBINED 8/e** or subsequent editions, the Publisher may use in **COMBINED 8/e** and any subsequent editions any and all of the contributions of Author to this **COMBINED 7/e**, and the Publisher will make no further payment to Author Clausen with respect to **COMBINED 8/e** or any subsequent editions, nor shall the Publisher be obliged to give Author Clausen author's credit with respect thereto. Author Clausen acknowledges that he has no right, title or interest in **COMBINED**, except for the distribution of royalties as set forth under Section 1 of the Agreement and as amended in Section 4 of this Amendment for **COMBINED 7/e**.

2.      The Author and/or the Contributor responsibilities for **STATICS 7/e and DYNAMICS 7/e** and **COMBINED 7/e** shall be as follows:

A.      **For STATICS 7/e:**
(i)     George H. Staab agrees to provide approximately **900** revised homework problems, based on homework problems from previous editions of the text, for **STATICS, 7/e** subject to the approval of Authors Beer and Johnston and the Publisher. Contributor Staab also agrees to submit the homework problems in a form suitable for submission to production and to complete author reviews of the manuscript page proof of the homework problem sets during production of the text. Contributor Staab will be responsible for preparing abbreviated solutions for all revised homework problems, but the Publisher will be responsible for having the Instructor's Solutions Manual and special computer problems prepared for **STATICS, 7/e**.

(ii)    Elliot R. Eisenberg will provide approximately **430** new homework problems for **STATICS 7/e**, subject to the approval of Authors Beer and Johnston and will also be responsible for preparing the manuscript of **STATICS 7/e** for production in accordance with the Publisher's specifications and for completing the author reviews of the manuscript page proof during production of the text of **STATICS 7/e**. Elliot R. Eisenberg will be responsible for preparing abbreviated solutions for all new homework problems, but the Publisher will be responsible for having the Instructor's Solutions Manual and special computer problems prepared for **STATICS 7/e**.

B.      **For DYNAMICS 7/e:**
(i)     William E. Clausen will provide approximately **430** new homework problems for **DYNAMICS 7/e**, subject to the approval of Authors Beer and Johnston and will also be responsible for preparing the manuscript of **DYNAMICS 7/e** for production in accordance with the Publisher's specifications and for completing the author reviews of the manuscript page proof during production of the text of **DYNAMICS 7/e**. Author Clausen will be responsible for preparing abbreviated solutions for all new homework problems, but the Publisher will be responsible for having the Instructor's Solutions Manual and special computer problems prepared for **DYNAMICS 7/e**.

(ii)    George H. Staab agrees to provide approximately **900** revised homework problems, based on homework problems from previous editions of the text for **DYNAMICS 7/e** subject to the approval of Authors Beer and Johnston and the Publisher. Contributor Staab also agrees to submit the homework problems in a form suitable for submission to production and to complete author reviews of the manuscript page proof of the homework problem sets during production of the text of **DYNAMICS 7/e**. George H. Staab will be responsible for preparing abbreviated solutions for all revised homework problems, but the Publisher will be responsible

4

for having the Instructor's Solutions Manual and special computer problems prepared for **DYNAMICS 7/e.**

    C.      For **COMBINED 7/e:**
    (i)      Elliot R. Eisenberg will be responsible for preparing the **STATICS** portion of the manuscript of **COMBINED 7/e** for production in accordance with the Publisher's specifications and for completing the author reviews of the manuscript page proof during production of the text. Author Eisenberg will be responsible for preparing abbreviated solutions for all new homework problems, but the Publisher will be responsible for having the Instructor's Solutions Manual and special computer problems prepared for **COMBINED 7/e.**

    (ii)      William E. Clausen will be responsible for preparing the **DYNAMICS** portion of the manuscript of **COMBINED,** 7/e for production in accordance with the Publisher's specifications and for completing the author reviews of the manuscript page proof during production of the text. Author Clausen will be responsible for preparing abbreviated solutions for all new homework problems, but the Publisher will be responsible for having the Instructor's Solutions Manual and special computer problems prepared for **COMBINED 7/e.**

3.    For **STATICS 7/e and DYNAMICS 7/e** and **COMBINED 7/e**, the contents and delivery dates for the manuscripts for shall be as follows:

    A.      **STATICS 7/e** will consist of approximately **700** manuscript pages in length, to make a completed book of approximately **640** pages, and will include illustrative material, consisting of approximately **1,700** line drawings and **27** photographs. The manuscript for **STATICS 7/e** will be prepared and delivered in complete final form to the Publisher **in three batches from August 1, 2002-October 1, 2002.**

    B.      **DYNAMICS 7/e** will consist of approximately **800** manuscript pages in length, to make a completed book of approximately **768** pages, and will include illustrative material, consisting of approximately **1,600** line drawings and **30** photographs. The manuscript for **DYNAMICS 7/e** will be prepared and delivered in complete final form to the Publisher **in three batches from August 1, 2002-October 1, 2002.**

    C.      **COMBINED 7/e** will consist of approximately **1,500** manuscript pages in length, to make a completed book of approximately **1,400** pages, and will include illustrative material, consisting of approximately **3,300** line drawings and **57** photographs. The manuscript for Statics 7/e will be prepared and delivered in complete final form to the Publisher **in three batches from August 1, 2002-October 1, 2002.**

    D.      The Authors will be given the opportunity to review all materials submitted by Contributors for **STATICS 7/e, DYNAMICS 7/e and COMBINED 7/e** and to provide suggestions for changes in a timely manner, such review to be completed within the parameters of the development and production schedules set up by the Publisher.

4.    For **STATICS 7/e and DYNAMICS 7/e** and **COMBINED 7/e**, Paragraph (1)(a) of the Agreement shall be amended by deleting the royalty rates for copies sold in the United States and outside the United States and Direct Marketing, Publisher's Book Clubs and Exercise of Other Rights by Publisher and shall be replaced with the following:

The Publisher agrees to pay the following royalties:

a.    *Domestic Sales*. For **STATICS 7/e: 15%**; for **DYNAMICS 7/e: 19.79%**; and for **COMBINED 7/e: 19.27%** of the Publisher's list price from each copy of the domestic print of **STATICS 7/e; DYNAMICS 7/e; and COMBINED 7/e** sold by the Publisher for use within the United States, except as provided in the Agreement.

b.    *International Sales*. For **STATICS 7/e: 7.5%**; for **DYNAMICS 7/e: 7.9%**; and for **COMBINED 7/e: 7.7%** of the Publisher's list price on each copy of the domestic print edition and each copy of an International Student Edition ("ISE") of **STATICS 7/e; DYNAMICS 7/e; and COMBINED 7/e** sold by the Publisher for use outside the United States to an international subsidiary, branch, affiliate or division of the Publisher or to a third party, except as provided in the Agreement.

It is agreed and understood that the foregoing domestic and international royalty rates shall apply only to **STATICS 7/e; DYNAMICS 7/e; and COMBINED 7/e**. In the event an eighth edition is published of all or any one (1) of the Works, then the royalty rates may, in the Publisher's sole discretion, be amended to conform to the Publisher's then current standard form publishing agreement royalty provisions, which provisions may include the calculation of royalties on a net receipts basis with respect to domestic royalties payable on USE sales rather than on a list price basis. Further, the Publisher shall determine the specific royalty rate for each of the respective Works in its reasonable good faith discretion based, to the extent practicable, on royalty rates payable on competitive and comparable works in the same market; provided, however, in no event shall such royalty rate be less than, with respect to domestic sales of the USE of each of the respective Works, 15% of the Publisher's net receipts.

c.    **Domestic Sales in High School Market.** 50% of the Publisher's domestic sales rate, as stated above, from each copy of the domestic print edition of the Work sold by the Publisher's affiliates for use in high schools (grades 9 through 12) in the United States, except as provided below.

d.    **Direct Marketing; Book Clubs**. 5% of the Publisher's net receipts from each print copy of the Work (whether in a hardcover or paperback edition) sold by the Publisher through the mail directly to consumers or sold through a book club of the Publisher or to a third party book club.

e.    **Electronic Products. 12%** of the Publisher's net receipts from each electronic product (other than a custom electronic product) using material from the Work; provided, that such royalty shall be proportionately based upon the amount of material from the Work used in such product compared to all material in the product; and, provided, further, that if, in the Publisher's good faith judgment, only a permission fee is justified due to the amount of material from the Work used in the product, the Author will be entitled only to payment of an amount equal to 50% of the permission fee the Publisher would have charged a third party publisher for said usage.

f.    **Custom Products. 12%** of the Publisher's net receipts from the sale of custom products (in print or electronic media) using the Work or material from the Work; provided, that such royalty shall be proportionately based upon the amount of material included in the product compared to all material in such product; and, provided, further, that if, in the Publisher's good faith judgment, only a permission fee is justified due to the amount of material from the Work used in the product, the Author will be entitled only to payment of an amount equal to 50% of the permission fee the Publisher would have charged a third party publisher for said usage. As used

6

herein, a "custom product" means a work specially prepared and/or packaged for a particular customer of the Publisher.

g.    **Other Sales.**  Subject to the provisions of this Agreement, the Publisher agrees to pay the Author 5% of the Publisher's net receipts from the exercise by the Publisher of any rights to sell copies of the Work in any edition or version, or any part thereof, for which a royalty is not expressly otherwise provided in this Section 7(a)(1).

h.    **Definition of "Net Receipts".**  As used herein, the term "net receipts" from sales means the Publisher's selling price from each copy of any edition or version of the Work sold by the Publisher, after giving effect to any discounts, allowances and amounts credited for returns, and less a reasonable reserve for future returns, and shall not include shipping or handling charges or sales, excise, value added or similar taxes, if any.

i.    **No Royalties Payable.**  No royalty or other payment will be due for (1) any copies of the Work, or a derivative work, in any form or media, which are distributed or sold by the Publisher at the Publisher's manufacturing cost or less; (2) ancillary or supplementary materials prepared by the Author or others distributed free of charge or at or below cost in connection with the Work; (3) any copies of the Work or a derivative work or selections from it furnished by the Publisher to others without payment for the purposes of promotion or publicity or for any other purpose deemed appropriate by the Publisher in its sole discretion; and (4) any not-for-profit publication of the Work or a derivative work, or any material therefrom, in Braille or in special editions for the physically or visually handicapped.

j.    **Multiple Authors.**  If there are multiple Authors under the Agreement as amended, the royalties and other amounts to be paid will be divided among the individual Authors for **STATICS 7/e; DYNAMICS 7/e; and COMBINED 7/e** only, as follows:

A. For **STATICS 7/e:**    **29.16%** to Ferdinand P. Beer; **29.16%** to E. Russell Johnston, Jr.; **35.00%** to Elliot R. Eisenberg; and **6.68%** to George H. Staab.

B. For **DYNAMICS 7/e:** **27.77%** to Ferdinand P. Beer; **27.77% to** E. Russell Johnston, Jr., **11.11% to** Elliot Eisenberg; **26.67%** William E. Clausen; and **6.68% to** George H. Staab.

C. For **COMBINED 7/e** **28.46%** to Ferdinand P. Beer; **28.46%** to E. Russell Johnston, Jr.; **23.06%** to Elliot R. Eisenberg; **13.34%** to William E. Clausen; and **6.68%** to George H. Staab.

5.    A.    For **STATICS, 7/e** only, the Publisher will pay to George H. Staab a grant in the sum of Fifteen Thousand Dollars ($15,000.00) to aid in the preparation of the revised homework problems as follows:  Seven Thousand Five Hundred Dollars ($7,500.00) upon delivery of the first half of the homework problems for **STATICS 7/e** satisfactory to the Publisher and Seven Thousand Five Hundred Dollars ($7,500.00) upon delivery of the of the complete production-ready manuscript of **STATICS 7/e** of all of the homework problems satisfactory to the Publisher.

B.    For **DYNAMICS, 7/e** only, the Publisher will pay to George H. Staab a grant in the sum of Fifteen Thousand Dollars ($15,000.00) to aid in the preparation of the revised homework problems as follows:  Seven Thousand Five Hundred Dollars ($7,500.00) upon delivery of the first half of the homework problems for **DYNAMICS, 7/e** satisfactory to the Publisher and Seven Thousand Five Hundred Dollars ($7,500.00) upon delivery of the of the

complete production-ready manuscript of **DYNAMICS, 7/e** all of the homework problems satisfactory to the Publisher.

Except as expressly modified herein, all terms of the Agreement dated **October 20, 1954, as amended**, pertaining to **MECHANICS FOR ENGINEERS**, remain in full force and effect.

Signed by:
**The McGraw-Hill Companies, Inc.**

_____
Debra Matteson, **Associate Editor**

_____
Betsy Jones, **Publisher**

_____
Michael D. Lange, **VP, Editor-in-Chief**

G:\Contracts\COLLEGE\AGRMENTS\AMEND\beer johnson add author rev 4.16.02.amd.doc

_____
Ferdinand P. Beer, **Author**

O 32-22-3014
Social Security Number

_____
E. Russell Johnston, Jr., **Author**

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
Social Security Number

_____
Elliot R. Eisenberg, **Author**

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
Social Security Number

_____
William E. Clausen, **Author**

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
Social Security Number

_____
George Staab, **Contributor**

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
Social Security Number

8

*The McGraw·Hill Companies*

 **Higher Education**

## AMENDMENT

Amendment dated **December 1, 2005** ("Amendment") to the agreement dated **December 9, 1971** (as amended, the "Agreement") between The McGraw-Hill Companies, Inc. (the "Publisher"), and **Ferdinand P. Beer (now deceased)**, **E. Russell Johnston, Jr.**, **P.O. Box 525, Storrs, CT, 06268, and Elliot R. Eisenberg, P.O. Box 531, Conyngham, PA 18219** (the "Author") for a work entitled **"Vector Mechanics for Engineers: Statics, Dynamics, Combined"** (the "Work"), which is now published in three (3) separate volumes **"Vector Mechanics for Engineers: Statics"** **("Statics"), "Vector Mechanics for Engineers: Dynamics" ("Dynamics"), and "Vector Mechanics for Engineers: Combined" ("Combined").**

<u>Recitals</u>

WHEREAS, in accordance with Section 7 of the Agreement, the Publisher wishes to publish and the Author (as redefined herein) has agreed to prepare an eighth edition of the Work, and each volume thereof shall be referred to in this Amendment as "Statics, 8/e," "Dynamics, 8/e," and "Combined, 8/e"; and

WHEREAS, the Publisher has been informed of the death of Ferdinand P. Beer and all references to the term "Author" in this Amendment shall otherwise refer solely to E. Russell Johnston, Jr. and Elliot R. Eisenberg, except as amended below;

WHEREAS, the Publisher and the Author have agreed that David Mazurek will perform, as a contributor, certain Author's obligations under the Agreement for Statics, 8/e and is hereby added as a party to the Agreement for Statics, 8/e only; and

WHEREAS, the Publisher and the Author have agreed that Phillip Cornwell will perform, as a contributor, certain Author's obligations under the Agreement for Dynamics, 8/e and is hereby added as a party to the Agreement for Dynamics, 8/e only;

WHEREAS, the Publisher has requested William E. Clausen to participate as an Author of Dynamics, 8/e and Combined, 8/e only.

NOW THEREFORE, the parties agree as follows:

1.    (A)    With respect to Statics, 8/e:

(i)    David Mazurek ("Contributor Mazurek"), whose address is 306 Bozrah Street, Bozrah, CT 06334, is hereby added as a party to the Agreement with respect to Statics, 8/e, and is included among the persons referred to in the Agreement as the "Contributor," subject to the provisions of the Agreement as amended hereby. Any other terms of the Agreement as hereby amended notwithstanding, it is understood and agreed that the Agreement is entered into with Contributor Mazurek only with respect to Statics, 8/e. However (i) the Publisher may, but shall not be obligated to, invite Contributor Mazurek to participate in Statics, 9/e, and in the event of such invitation and participation, Contributor Mazurek's participation will be on terms to be mutually agreed upon, and (ii) in the event Contributor Mazurek is not invited by the Publisher to participate in

2

Statics, 9/e or any subsequent editions, the Publisher may use in Statics, 9/e and subsequent editions any and all of the contributions of Contributor Mazurek to Statics, 8/e, and the Publisher will make no further payment to Contributor Mazurek with respect to Statics, 9/e or subsequent editions of the Work, if any, nor shall the Publisher be obliged to give Contributor Mazurek author's credit with respect thereto.  Contributor Mazurek acknowledges that he has no right, title, or interest in Statics, except for any royalties that may be due him under Section 4 of this Amendment for Statics, 8/e.

(B)     With respect to Dynamics, 8/e:

(i)     It is understood that Elliot R. Eisenberg participated as a Contributor in the preparation of Dynamics, 7/e pursuant to the amendment dated April 16, 2002.  The parties now wish to add Elliot R. Eisenberg as a party to the Agreement commencing with Dynamics, 8/e and is included among the persons referred to in the Agreement as the "Author," subject to the provisions of the Agreement as amended hereby.  Commencing with respect to Dynamics, 8/e, Elliot R. Eisenberg agrees to be bound by all the terms of the Agreement as a party thereto.  Subject to the provisions of the Agreement as amended hereby, with respect to Dynamics, 8/e and any future editions of Dynamics, all references to the term "Author" in the Agreement shall hereafter refer to E. Russell Johnston, Jr. and Elliot R. Eisenberg, and E. Russell Johnston, Jr. and Elliot R. Eisenberg shall be jointly and severally responsible for the obligations and liabilities of the Author under the Agreement as amended hereby.  Elliot R. Eisenberg acknowledges and agrees that he has no right, title, or interest in the first seven editions of Dynamics, except for the royalties due him as set forth in previous amendments.

(ii)     It is understood that William E. Clausen ("Author Clausen") was added as a party to the Agreement with respect to Dynamics, 7/e pursuant to the Amendment dated April 16, 2002.  The Publisher has invited Author Clausen to participate as an Author of Dynamics, 8/e and is therefore included among the persons referred to in the Agreement as the Author of Dynamics, 8/e, subject to the provisions of the Agreement as amended hereby.  Any other terms of the Agreement as hereby amended notwithstanding, it is understood and agreed that the Agreement is entered into with Author Clausen only with respect to Dynamics, 8/e.  However: (i) the Publisher may, but shall not be obligated to, invite Author Clausen to participate in Dynamics, 9/e, and in the event of such invitation and participation, Author Clausen's participation will be on terms to be mutually agreed upon, and (ii) in the event Author Clausen is not invited by the Publisher to participate in Dynamics, 9/e or any subsequent editions, the Publisher may use in Dynamics, 9/e and subsequent editions any and all of the contributions of Author Clausen to Dynamics, 8/e, and the Publisher will make no further payment to Author Clausen with respect to Dynamics, 9/e or subsequent editions of the Work, if any, nor shall the Publisher be obliged to give Author Clausen author's credit with respect thereto.  Author Clausen acknowledges that he has no right, title, or interest in Dynamics, except for the royalties due him as set forth in previous amendments and as set forth herein under Section 4 of this Amendment for Dynamics, 8/e.

(iii)     Phillip Cornwell ("Contributor Cornwell"), c/o Rose-Hulman Institute of Technology, 5500 Wabash Avenue, Terre Haute, IN 47803, is hereby added as a party to the Agreement with respect to Dynamics, 8/e, and is included among the persons referred to in the Agreement as the "Contributor," subject to the provisions of the Agreement as amended hereby. Any other terms of the Agreement as hereby amended notwithstanding, it is understood and agreed that the Agreement is entered into with Contributor Cornwell only with respect to Dynamics, 8/e. However (i) the Publisher may, but shall not be obligated to, invite Contributor Cornwell to participate

3

in Dynamics, 9/e, and in the event of such invitation and participation, Contributor Cornwell's participation will be on terms to be mutually agreed upon, and (ii) in the event Contributor Cornwell is not invited by the Publisher to participate in Dynamics, 9/e or any subsequent editions, the Publisher may use in Dynamics, 9/e and subsequent editions any and all of the contributions of Contributor Cornwell to Dynamics, 8/e, and the Publisher will make no further payment to Contributor Cornwell with respect to Dynamics, 9/e or subsequent editions of the Work, if any, nor shall the Publisher be obliged to give Contributor Cornwell author's credit with respect thereto.  Contributor Cornwell acknowledges that he has no right, title, or interest in Dynamics, except for any royalties that may be due him under Section 4 of this Amendment for Dynamics, 8/e.

(C)    For Combined, 8/e:

(i)    It is understood that William E. Clausen ("Author Clausen") was added as a party to the Agreement with respect to Combined, 7/e pursuant to the Amendment dated April 16, 2002. The Publisher has invited Author Clausen to participate as an Author of Combined, 8/e and is *among* therefore included ~~among~~ the persons referred to in the Agreement as the Author of Combined, 8/e, subject to the provisions of the Agreement as amended hereby. Any other terms of the Agreement as hereby amended notwithstanding, it is understood and agreed that the Agreement is entered into with Author Clausen only with respect to Combined, 8/e. However: (i) the Publisher may, but shall not be obligated to, invite Author Clausen to participate in Combined, 9/e, and in the event of such invitation and participation, Author Clausen's participation will be on terms to be mutually agreed upon, and (ii) in the event Author Clausen is not invited by the Publisher to participate in Combined, 9/e or any subsequent editions, the Publisher may use in Combined, 9/e and subsequent editions any and all of the contributions of Author Clausen to Combined, 8/e, and the Publisher will make no further payment to Author Clausen with respect to Combined, 9/e or subsequent editions of the Work, if any, nor shall the Publisher be obliged to give Author Clausen author's credit with respect thereto. Author Clausen acknowledges that he has no right, title, or interest in Combined, except for the royalties due him in previous amendments and as set forth herein under Section 4 of this Amendment for Combined, 8/e.

2.    The Author and/or the Contributor responsibilities for Statics, 8/e, Dynamics, 8/e, and Combined, 8/e shall be as follows:

(A)    For Statics, 8/e:

(i)    Contributor Mazurek agrees to provide revised homework problems, based on homework problems from previous editions of Statics, for Statics, 8/e subject to the approval of Authors Johnston and Eisenberg and the Publisher.  Contributor Mazurek also agrees to submit the homework problems in a form suitable for submission to production and to complete author reviews of the manuscript page proofs of the homework problem sets during production of Statics, 8/e. Contributor Mazurek will be responsible for preparing abbreviated solutions for all revised homework problems, but the Publisher will be responsible for having the Instructor's Solutions Manual prepared for Statics, 8/e.

(ii)    Author Eisenberg will provide new homework problems for Statics, 8/e, subject to the approval of Authors Johnston and Eisenberg and will also be responsible for preparing the manuscript of Statics 8/e for production in accordance with the Publisher's specifications and for completing the author reviews of the manuscript page proofs during production of Statics, 8/e. Author Eisenberg will be responsible for preparing abbreviated solutions

4

for all new homework problems, but the Publisher will be responsible for having the Instructor's Solutions Manual prepared for Statics, 8/e. However, Author Eisenberg will be responsible for the preparation of the tables in the front matter of the Instructor's Solutions Manual for Statics, 8/e.

    (B)    For Dynamics, 8/e:

        (i)    Contributor Cornwell agrees to provide revised homework problems, based on homework problems from previous editions of Dynamics, for Dynamics, 8/e subject to the approval of Authors Johnston and Eisenberg and the Publisher.  Contributor Cornwell also agrees to submit the homework problems in a form suitable for submission to production and to complete author reviews of the manuscript page proofs of the homework problem sets during production of Dynamics, 8/e.  Contributor Cornwell will be responsible for preparing abbreviated solutions for all revised homework problems, but the Publisher will be responsible for having the Instructor's Solutions Manual prepared for Dynamics, 8/e.

        (ii)    Author Clausen will provide new homework problems for Dynamics, 8/e, subject to the approval of Authors Johnston and Eisenberg and will also be responsible for preparing the manuscript of Dynamics, 8/e for production in accordance with the Publisher's specifications and for completing the author reviews of the manuscript page proofs during production of Dynamics, 8/e.  Author Clausen will be responsible for preparing abbreviated solutions for all new homework problems, but the Publisher will be responsible for having the Instructor's Solutions Manual prepared for Dynamics, 8/e.  However, Author Clausen will be responsible for the preparation of the tables in the front matter of the Instructor's Solutions Manual for Dynamics, 8/e.

    (C)    For Combined, 8/e:

        (i)    Author Eisenberg will be responsible for preparing the Statics portion of the manuscript of Combined, 8/e for production in accordance with the Publisher's specifications and for completing the author reviews of the manuscript page proofs during production of Combined, 8/e.

        (ii)    Author Clausen will be responsible for preparing the Dynamics portion of the manuscript of Combined, 8/e for production in accordance with the Publisher's specifications and for completing the author reviews of the manuscript page proofs during production of Combined, 8/e.

3.    For Statics, 8/e, Dynamics, 8/e, and Combined, 8/e, the contents and delivery dates for the manuscripts shall be as follows:

    (A)    Statics, 8/e will consist of approximately 1,500 manuscript pages in length, to make a completed book of approximately 640 pages, and will include illustrative material, consisting of approximately 1,640 line drawings and 89 photographs.  The manuscript for Statics, 8/e will be prepared and delivered in complete final form to the Publisher on or before December 1, 2005.

    (B)    Dynamics, 8/e will consist of approximately 1,212 manuscript pages in length, to make a completed book of approximately 800 pages, and will include illustrative material, consisting of approximately 1,580 line drawings and 45 photographs.  The manuscript for Dynamics, 8/e will be prepared and delivered in complete final form to the Publisher on or before December 1, 2005.

5

(C)    Combined, 8/e will consist of approximately 2,712 manuscript pages in length, to make a completed book of approximately 1,440 pages, and will include illustrative material, consisting of approximately 3,220 line drawings and approximately 134 photographs. The manuscript for Combined, 8/e will be prepared and delivered in complete final form to the Publisher on or before December 1, 2005.

4.    For Statics, 8/e, Dynamics, 8/e, and Combined, 8/e only, Paragraph 1(a) of the Agreement shall be deleted in its entirety and replaced with the following:

The Publisher agrees to pay the following royalties for Statics, 8/e, Dynamics, 8/e, and Combined, 8/e:

A.    ***Domestic Sales.*** For Statics, 8/e: 15%; for Dynamics, 8/e: 19.79%; and for Combined, 8/e, 19.27% of the Publisher's list price from each copy of the domestic print edition of Statics, 8/e, Dynamics, 8/e, and Combined, 8/e sold by the Publisher for use within the United States, except as provided below.

B.    ***International Sales.*** For Statics, 8/e: 7.5%; for Dynamics, 8/e: 7.9%; and for Combined, 8/e: 7.7% of the Publisher's list price on each copy of the domestic print edition sold by the Publisher for use outside the United States to an international subsidiary, branch, affiliate or division of the Publisher or to a third party, except as provided below. It is understood and agreed upon that no International Student Edition ("ISE") will be produced for Statics, 8/e, Dynamics, 8/e, or Combined, 8/e.

It is agreed and understood that the foregoing domestic and international royalty rates shall apply only to Statics, 8/e, Dynamics, 8/e, and Combined, 8/e. In the event a ninth edition is published of all or any one (1) of the Works, then the royalty rates may, in the Publisher's sole discretion, be amended to conform to the Publisher's then current standard form publishing agreement royalty provisions, which provisions may include the calculation of royalties on a net receipts basis with respect to domestic royalties payable on USE sales rather than on a list price basis. Further, the Publisher shall determine the specific royalty rate for each of the respective Works in its reasonable good faith discretion based, to the extent practicable, on royalty rates payable on competitive and comparable works in the same market; provided, however, in no event shall such royalty rate be less than, with respect to domestic sales of the USE of each of the respective Works, 15% of the Publisher's net receipts.

C.    ***Domestic Sales in High School Market.*** 50% of the Publisher's domestic sales rate, as stated above, from each copy of the domestic print edition of Statics, 8/e, Dynamics, 8/e, and Combined, 8/e sold by the Publisher's affiliates for use in high schools (grades 9 through 12) in the United States, except as provided below.

D.    ***Direct Marketing; Book Clubs.*** 5% of the Publisher's net receipts from each print copy of Statics, 8/e, Dynamics, 8/e, and Combined, 8/e (whether in a hardcover or paperback edition) sold by the Publisher through the mail

6

directly to consumers or sold through a book club of the Publisher or to a third party book club.

E.    ***Electronic Products***.  12% of the Publisher's net receipts from each electronic product (other than a custom electronic product) using material from Statics, 8/e, Dynamics, 8/e, and Combined, 8/e; provided, that such royalty shall be proportionately based upon the amount of material from Statics, 8/e, Dynamics, 8/e, and Combined, 8/e used in such product compared to all material in the product; and, provided, further, that if, in the Publisher's good faith judgment, only a permission fee is justified due to the amount of material from Statics, 8/e, Dynamics, 8/e, and Combined, 8/e used in the product, the Author will be entitled only to payment of an amount equal to 50% of the permission fee the Publisher would have charged a third party publisher for said usage.

F.    ***Custom Products***.  12% of the Publisher's net receipts from the sale of custom products (in print or electronic media) using Statics, 8/e, Dynamics, 8/e, and Combined, 8/e or material from Statics, 8/e, Dynamics, 8/e, and Combined, 8/e; provided, that such royalty shall be proportionately based upon the amount of material included in the product compared to all material in such product; and, provided, further, that if, in the Publisher's good faith judgment, only a permission fee is justified due to the amount of material from Statics, 8/e, Dynamics, 8/e, and Combined, 8/e used in the product, the Author will be entitled only to payment of an amount equal to 50% of the permission fee the Publisher would have charged a third party publisher for said usage.  As used herein, a "custom product" means a work specially prepared and/or packaged for a particular customer of the Publisher.

G.    ***Other Sales***.  Subject to the provisions of this Agreement, the Publisher agrees to pay the Author 5% of the Publisher's net receipts from the exercise by the Publisher of any rights to sell copies of Statics, 8/e, Dynamics, 8/e, and Combined, 8/e in any edition or version, or any part thereof, for which a royalty is not expressly otherwise provided in this Section.

H.    ***Definition of "Net Receipts"***.  As used herein, the term "net receipts" from sales means the Publisher's selling price from each copy of any edition or version of Statics, 8/e, Dynamics, 8/e, and Combined, 8/e sold by the Publisher, after giving effect to any discounts, allowances and amounts credited for returns, and less a reasonable reserve for future returns, and shall not include shipping or handling charges or sales, excise, value added or similar taxes, if any.

I.    ***No Royalties Payable***.  No royalty or other payment will be due for (1) any copies of Statics, 8/e, Dynamics, 8/e, and Combined, 8/e, or a derivative work, in any form or media, which are distributed or sold by the Publisher at the Publisher's manufacturing cost or less; (2) ancillary or supplementary materials prepared by the Author or others distributed free of charge or at or below cost in connection with Statics, 8/e, Dynamics, 8/e, and Combined, 8/e; (3) any copies of Statics, 8/e, Dynamics, 8/e, and Combined, 8/e or a

7

derivative work or selections from it furnished by the Publisher to others without payment for the purposes of promotion or publicity or for any other purpose deemed appropriate by the Publisher in its sole discretion; and (4) any not-for-profit publication of Statics, 8/e, Dynamics, 8/e, and Combined, 8/e or a derivative work, or any material therefrom, in Braille or in special editions for the physically or visually handicapped.

J.    **Multiple Authors.**    The royalties and other amounts to be paid will be divided among the individual Authors and Contributors for Statics, 8/e, Dynamics, 8/e, and Combined, 8/e as specified later in a letter for each volume signed by E. Russell Johnston, Jr. and Elliot R. Eisenberg and to be delivered to the Publisher before publication of Statics, 8/e, Dynamics, 8/e, and Combined, 8/e, respectively.  However, it is understood that a share of the royalties accruing to the Authors and Contributors under the Agreement for Statics, 8/e, Dynamics, 8/e, and Combined, 8/e (as amended hereby) is payable to the Trustee of Ferdinand P. Beer Royalty Trust, pursuant to a separate agreement dated November 25, 2003 between the Publisher, the Estate of Ferdinand P. Beer, the Trustee of Ferdinand P. Beer Royalty Trust, E. Russell Johnston, Jr., and Elliot R. Eisenberg.

Except as expressly amended hereby, the Agreement shall remain in full force and effect.

**The following parties have executed this Amendment.**

**The McGraw-Hill Companies, Inc.**

By: _____    Date
Senior Sponsoring Editor
Michael Hackett

By: _____    Date
Publisher
Suzanne Jeans

By: _____    Date
Vice President, Editor-in-Chief
Martin J. Lange

By: _____    Date
Author
E. Russell Johnston, Jr.

_____
Social Security Number

*(Signatures continued on next page)*

8

By: _____ 12/7/05
Author                          Date
Elliot R. Eisenberg

_____
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
Social Security Number

By: _____ 12/12/05
Author                          Date
William E. Clausen

_____
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
Social Security Number

By: _____ 12/13/05
Contributor                     Date
David Mazurek

_____
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
Social Security Number

By: _____ 12/15/05
Contributor                     Date
Phillip Cornwell

_____
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
Social Security Number

**McGraw-Hill
Higher Education**

501 Bell Street
Dubuque, IA 52001
563 584 6000 Tel

February 19, 2008

Elliot Eisenberg
43 Edge Trail
Conyngham, PA 18219

Dear Elliot:

The purpose of this letter is to advise you of McGraw-Hill's plans for the preparation of the Ninth edition of the three separate volumes of Vector Mechanics for Engineers: Statics, Dynamics, Combined (which I will collectively refer to as the "Work") and how this will affect your future involvement in the Ninth and any future editions of the Work.

We do not believe we can continue to work with you as an author due, in large part, to the quality of your past contributions, your inability to generally deliver these contributions timely and your unsatisfactory working relationship with your co-authors and the McGraw-Hill publishing team.

As a result, McGraw-Hill is offering you two options, neither of which will involve your continued participation in the preparation of future editions of the Work. McGraw-Hill is amenable to proceeding with either of the two options set forth below.

www.mhhe.com

17679SW.doc

The first option is that McGraw-Hill will pay you a decreased percentage of the royalties from sales of the Ninth and Tenth editions of the Work and no royalties thereafter. Specifically, you would receive 50% of your Eighth edition royalty rate from sales of the Ninth edition of the Work and 25% of your Eighth edition royalty rate for sales of the Tenth edition of the Work and no royalties for other future editions, if any. You would have no obligation with respect to the preparation of the Ninth or Tenth editions of the Work and we would agree to release you from your non-compete covenant. Moreover, McGraw-Hill would have the right to use your content in the eighth and future editions, if any, of the Work. Further, if we use any of your material in the eighth or future editions of the Work, we would, at your request, give you appropriate attribution in any such edition.

Alternatively, McGraw-Hill would revert all rights to you and all problems you created for the Seventh and Eighth editions of the Work which constitute your original work of authorship. I note that your contributions to the Sixth edition were prepared as a work made for hire. With this alternative, McGraw-Hill would use the Sixth edition as its basis for the preparation of the Ninth edition of the Work in order to ensure that none of your content is used other than the content you prepared as a work for hire for the Sixth edition. Since none of your editorial content would be used under this scenario, you will not receive royalties from sales of the Ninth or any other future editions of the Work.

We need to resolve this matter as soon as possible. If we do not hear from you by February 27, 2008, we will proceed with the first option, in which event you will receive your royalties from sales in due course.

We look forward to hearing from you.

Sincerely,

Raghothaman Srinivasan
Global Publisher

Bill Stenquist
Sr. Sponsoring Editor