UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ELLIOT EISENBERG                      :        ECF Case

                 Plaintiff,           :        08 CV 5366 (JGK)

       v.                             :        McGRAW-HILL ANSWER
                                               TO COMPLAINT
THE McGRAW-HILL COMPANIES, INC.       :

                 Defendant.           :

------------------------------------X

   Defendant, The McGraw-Hill Companies, Inc. ("McGraw-Hill"),

by its attorneys Cowan, Liebowitz & Latman, P.C., for its Answer

to the Complaint states as follows:

### AS TO NATURE OF THE SUIT:

   McGraw-Hill admits the existence of certain agreements (as

amended from time to time) for certain textbooks on vector

mechanics for engineers as partially identified in the

Complaint, respectfully refers the Court to the agreements as

amended themselves ("the Agreement") for their terms and to the

works themselves ("the Work") for their content, denies the

allegations of breach of contract and anticipatory breach of

contract, and denies the remaining allegations in the unnumbered

paragraph labeled "Nature of the Suit."

   1.   Denies knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Admits the allegations in paragraph 3.

4. Does not contest this Court's jurisdiction, as alleged in paragraph 4.

5. Does not contest this Court's venue, as alleged in paragraph 5.

6. Admits the allegations in paragraph 6.

7. Admits the allegations in paragraph 7, except states that the 1971 agreement, as amended, pertains to editions following the second edition of the Work.

8. Respectfully refers the Court to the Agreement for its terms and denies the remaining allegations in paragraph 8.

9. Admits that Plaintiff first became a contributor to the Work in 1992 for its sixth edition, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications between Ferdinand P. Beer ("Beer") and Plaintiff, and denies the remaining allegations in paragraph 9.

10. Admits that the Agreement was amended in December 1992 to reflect Plaintiff's participation on the sixth edition on a work-made-for-hire basis as that term is defined in the United States Copyright Law, respectfully refers the Court to

- 2 -

the Agreement for the terms applicable to Plaintiff, and denies the remaining allegations in paragraph 10.

11. Respectfully refers the Court to the Agreement for the terms applicable to Plaintiff, and denies the remaining allegations in paragraph 11.

12. Admits the allegations in paragraph 12.

13. Admits that McGraw-Hill decided to publish a seventh edition of the Work, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications between Beer and Plaintiff, respectfully refers the Court to the Agreement for the terms applicable to Plaintiff, and denies the remaining allegations in paragraph 13.

14. Admits that the Agreement includes the April 16, 2002 Amendment concerning the seventh edition of the Work, respectfully refers the Court to the Agreement (including the April 16, 2002 Amendment) for the terms applicable to Plaintiff, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's teaching status and his communications with Beer, and denies the remaining allegations in paragraph 14, including any obligation by McGraw-Hill to include Plaintiff as a participant and compensate him "on all future editions" of the Work or any part thereof.

- 3 -

15. Admits that Plaintiff received certain royalties for his participation on the seventh edition of the Work, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Beer and E. Russell Johnston, Jr. ("Johnston"), the creators of the Work, "decided," and denies the remaining allegations in paragraph 15.

16. Admits the allegations in paragraph 16

17. Admits the allegations in paragraph 17.

18. Admits that McGraw-Hill decided to publish an eighth edition of the Work, respectfully refers the Court to the Agreement for the terms applicable to Plaintiff, and denies the remaining allegations in paragraph 18.

19. Admits that Plaintiff contributed to the eighth edition of the Work, and denies the remaining allegations in paragraph 19, including any obligation by McGraw-Hill "ensuring" that Plaintiff "would have oversight of future editions" ["additions" in original] of the Work.

20. Admits that the Agreement includes the December 1, 2005 Amendment concerning the eighth edition of the Work, respectfully refers the Court to the Agreement (including the December 1, 2005 Amendment) for the terms applicable to Plaintiff, and denies the remaining allegations in paragraph 20, including any obligation by McGraw-Hill to include Plaintiff as

- 4 -

22151/023/836734.1

a participant and compensate him "on all future editions" of the
Work or any part thereof.

21. Admits that Plaintiff received certain royalties
for his participation on the eighth edition of Work, admits that
Beer's heirs and Johnston received royalties therefrom, and
denies the remaining allegations in paragraph 21.

22. Respectfully refers the Court to the Agreement
(including the December 1, 2005 Amendment) for the terms
applicable to Plaintiff, and denies the remaining allegations in
paragraph 22.

23. Respectfully refers the Court to the Agreement
for the terms applicable to Plaintiff, and denies the remaining
allegations in paragraph 23, including any obligation by McGraw-
Hill to include Plaintiff as a participant and compensate him on
"any future editions" of the Work.

24. Denies the allegations in paragraph 24.

25. Admits that McGraw-Hill decided to publish a
ninth edition of the Work, respectfully refers the Court to the
Agreement for the terms applicable to Plaintiff, and denies the
remaining allegations in paragraph 25, including any obligation
by McGraw-Hill to include Plaintiff as a participant and
compensate him on the ninth edition of the Work.

26. Admits that McGraw-Hill decided not to request
Plaintiff's participation in the ninth or future editions (if

- 5 -

any) of the Work, states that Plaintiff was informed by McGraw-Hill in a letter dated February 19, 2008 (Exhibit 4 to the Complaint) that "We do not believe we can continue to work with you as an author due, in large part, to the quality of your past contributions, your inability to generally deliver these contributions timely and your unsatisfactory working relationship with your co-authors and the McGraw-Hill publishing team," respectfully refers the Court to the letter for its full content, and denies the remaining allegations in paragraph 26.

27. Denies the allegations in paragraph 27.

28. Admits that McGraw-Hill sent Plaintiff the letter dated February 19, 2008 (Exhibit 4 to the Complaint), respectfully refers the Court to the letter for its content, and denies the remaining allegations in paragraph 28.

29. Admits that McGraw-Hill sent Plaintiff the letter dated February 19, 2008 (Exhibit 4 to the Complaint), respectfully refers the Court to the letter for its content, and denies the remaining allegations in paragraph 29, including Plaintiff's claim that the "assertions" in the letter lack "any basis in fact."

30. Denies the allegations in paragraph 30.

31. Respectfully refers the Court to the Agreement for the terms applicable to Plaintiff and to the February 19,

- 6 -

2008 letter for its content, and denies the remaining allegations in paragraph 31.

32. Denies the allegations in paragraph 32.

AS TO FIRST CAUSE OF ACTION (BREACH OF CONTRACT)

33. Repeats the responses to paragraphs 1 through 32.

34. Respectfully refers the Court to the Agreement for the terms applicable to Plaintiff, and denies the remaining allegations in paragraph 34.

35. Respectfully refers the Court to the Agreement for the terms applicable to Plaintiff, and denies the remaining allegations in paragraph 35.

36. Denies the allegations in paragraph 36.

37. Denies the allegations in paragraph 37.

AS TO SECOND CAUSE OF ACTION (ANTICIPATORY BREACH OF CONTRACT)

38. Repeats the responses to paragraphs 1 through 37.

39. Respectfully refers the Court to the Agreement for the terms applicable to Plaintiff, and denies the remaining allegations in paragraph 39.

40. Respectfully refers the Court to the Agreement for the terms applicable to Plaintiff, and denies the remaining allegations in paragraph 40.

41. Denies the allegations in paragraph 41.

42. Denies the allegations in paragraph 42.

43. Denies the allegations in paragraph 43.

- 7 -

## AS TO THIRD CAUSE OF ACTION (ANTICIPATORY BREACH OF CONTRACT)

44.    Repeats the responses to paragraphs 1 though 43.

45.    Respectfully refers the Court to the Agreement for the terms applicable to Plaintiff, and denies the remaining allegations in paragraph 45.

46.    Respectfully refers the Court to the Agreement for the terms applicable to Plaintiff, and denies the remaining allegations in paragraph 46.

47.    Denies the allegations in paragraph 47.

48.    Denies the allegations in paragraph 48.

49.    Denies the allegations in paragraph 49.

## AS TO THE PRAYER FOR RELIEF

50.    Plaintiff is not entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

51.    The Complaint (and each claim or cause of action therein) fails to state a claim or cause of action on which relief can be granted.

52.    Plaintiff has failed to perform his obligations under the Agreement, as described in the February 19, 2008 letter from McGraw-Hill to Plaintiff (Exhibit 4 to Complaint).

53.    As stated in the Agreement, Plaintiff has acknowledged, among other things, that he lacks any proprietary rights or interests in "past, current or future editions of the

- 8 -

Work." He thus lacked any entitlement to participation in or compensation from editions of the Work for which McGraw-Hill did not offer him a contract.

WHEREFORE, defendant The McGraw-Hill Companies, Inc., demands judgment that the Complaint be dismissed with prejudice and that it be awarded its full costs, including reasonable attorneys' fees, and be granted such other relief as the Court may deem just and proper.

Dated:    New York, New York
          July 22, 2008

                              s/ Richard Dannay
                              Richard Dannay (rxd@cll.com)
                              COWAN, LIEBOWITZ & LATMAN, P.C.
                              1133 Avenue of the Americas
                              New York, NY 10036-6799
                              Phone (212) 790-9200
                              Fax (212) 575-0671

                              Attorneys for Defendant
                              The McGraw-Hill Companies, Inc.

TO:   Martin S. Hyman (m.hyman@golenbock.com)
      Robin E. Silverman (r.silverman@golenbock.com)
      GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
      437 Madison Avenue
      New York, NY  10022
      Phone (212) 907-7300
      Fax (212) 754-0330

      Attorneys for Plaintiff
      Elliot Eisenberg

- 9 -